UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

JOSE FLORES-COLIN,

                                     Plaintiff,                          18-CV-02966 (SN)

                         -against-                                       OPINION & ORDER

LA OAXAQUENA RESTAURANT CORP., et al.,

                                     Defendants.

--------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/2022

**SARAH NETBURN, United States Magistrate Judge**.

On April 4, 2018, Plaintiff Jose Flores-Colin filed this action against Defendants La

Oaxaquena Restaurant Corp. ("La Oaxaquena"), Elizabeth Pizarro, and Antonio Pizarro, alleging

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and New York

Labor Law. See ECF No. 1 (Compl.). On February 25, 2019, the parties participated in a

settlement conference before me. Four months later, the parties reported that they had reached a

settlement, and consented to my jurisdiction. ECF Nos. 36, 37. The parties filed the settlement

agreement and supporting memorandum for my approval, and on August 27, 2019, I approved

the settlement pursuant to Cheeks v. Freeport Pancake House, 796 F.3d 199 (2d Cir. 2015). ECF

No. 40. Flores-Colin now moves to enforce the settlement and enter judgment against

Defendants La Oaxaquena and Elizabeth Pizzaro (the "Settling Defendants"). ECF No. 41. The

Court, however, lacks subject matter jurisdiction to enforce the parties' settlement agreement.

Accordingly, Flores-Colin's motion to enforce the settlement agreement is DENIED.

**BACKGROUND**

As alleged in the Complaint, Flores-Colin was employed as a food delivery worker and porter for the Settling Defendants' restaurant. Compl. ¶ 20. He worked for the Settling Defendants until March of 2018, routinely working over 40 hours per week. Id. ¶¶ 22-23. The Settling Defendants did not pay him proper minimum wages or overtime compensation and did not provide him with written wage statements. Id. ¶¶ 26-27. Settling Defendants also withheld tips associated with credit card payments made on food delivery orders. Id. ¶¶ 28-29. Flores-Colin claimed violations of the Fair Labor Standards Act and New York Labor Law.

In June of 2018, the parties reported to the Court that they had reached a settlement and subsequently submitted the settlement agreement for the Court's review and approval pursuant to Cheeks. The Court approved the agreement and dismissed the action with prejudice. ECF No. 40.

Pursuant to the terms of the agreement, the parties agreed to settle this action for a total of $20,000. See ECF No. 39-1 (Settlement Agreement). The settlement amount was to be paid in 19 installments, with a first payment of $4,000 and 18 subsequent monthly payments of $888.89. Id. If Settling Defendants failed to make a timely settlement payment, the "entire amount" remaining to be paid at the time of breach, together with liquidated damages of $5,000, would become due 11 days after receipt of notice to cure the breach. Id. In the event of default, Flores-Colin could recover reasonable attorneys' fees and costs "incurred in enforcing in Court the payment obligations under [the] Agreement" and could enforce judgment against the Settling Defendants. Id.

On March 30, 2020, Defendants failed to make their seventh installment payment. Flores-Colin agreed to suspend payments due to the COVID-19 pandemic, but reached out to defense counsel on September 27, 2020, to discuss recommencement of payment, advising the Settling

2

Defendants of the default. <u>See</u> ECF Nos. 42, 42-2. The parties' discussions were ultimately unsuccessful in remedying the situation. Flores-Colin now moves to enforce the settlement agreement and enter judgment.

## DISCUSSION

"Actions to enforce settlement agreements are in essence, breach of contract actions governed by state law and do not themselves raise a federal question unless the court that approved the settlement retained jurisdiction." <u>Ream v. Berry-Hill Galleries, Inc.</u>, No. 16-cv-7462 (SLC), 2020 WL 5836437, at *2 (S.D.N.Y. Oct. 1, 2020) (cleaned up) (quoting <u>Thurston v. Flyfit Holdings, LLC</u>, No. 18-cv-9044 (PAE)(SN), 2020 WL 2904065, at *2 (S.D.N.Y. June 3, 2020)). Thus, "[w]here a case has been dismissed, and the plaintiff thereafter asks the court to enforce the parties' settlement agreement, the court must first satisfy itself that it has retained ancillary jurisdiction to act." <u>Melchor v. Eisen & Son Inc.</u>, No. 15-cv-113 (DF), 2016 WL 3443649, at *5 (S.D.N.Y. June 10, 2016) (citing <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 379-80 (1994)). "[T]o retain ancillary jurisdiction over enforcement of a settlement agreement, <u>Kokkonen</u> prescribes that a district court's order of dismissal must either (1) expressly retain jurisdiction over the settlement agreement, or (2) incorporate the terms of the settlement agreement in the order." <u>Hendrickson v. United States</u>, 791 F.3d 354, 358 (2d Cir. 2015) (citing <u>Kokkonen</u>, 511 U.S. at 381).

Because the settlement at issue arose in part under the FLSA, the Court was required to review it for adequacy and fairness under <u>Cheeks</u> before it was approved. "Where, after the requisite review, the district court enters a dismissal order containing an express retention of jurisdiction to enforce the parties' settlement agreement, the court may then exercise ancillary jurisdiction and enforce the agreement according to its terms." <u>Romero v. New Blue Flowers</u>

Gourmet Corp., No. 16-cv-8753 (DF), 2021 WL 860986, at *3 (S.D.N.Y. Mar. 8, 2021) (citing Minecci v. Carlyle at the Omni, Inc., 16-cv-5134 (JS)(GRB), 2019 WL 1760683, at *1 (E.D.N.Y. Mar. 21, 2019)).

However, a court's "mere awareness and approval of the terms of [a] settlement agreement do not suffice to make them part of [its] order." Kokkonen, 511 U.S. at 381. "[W]here approval orders lack language explicitly expressing intent to retain jurisdiction or to incorporate the terms of the parties' settlement agreement, courts generally decline to enforce settlement agreements." Thurston, 2020 WL 2904065, at *2 (collecting cases where court's approval of FLSA and NYLL settlements did not confer jurisdiction to enforce the settlement). Any stipulation by the parties to the district court's personal or subject matter jurisdiction has no bearing on the issue. See Melchor, 2016 WL 3443649, at *8; Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant[.]").

Here, there is no valid basis for federal jurisdiction for the Court to enforce the settlement agreement at issue. The Court's order approving the agreement and dismissing the action neither expressly retained jurisdiction to enforce the agreement nor incorporated the agreement's terms. "Approval of settlement agreements pursuant to Cheeks alone is . . . insufficient to give rise to ancillary jurisdiction." Thurston, 2020 WL 2904065, at *3; Mao v. Mee Chi Corp., No. 15-cv-1799 (JCF), 2016 WL 675432, at *1 (S.D.N.Y. Feb. 11, 2016). While the parties' *proposed* stipulation and order of dismissal contains language that would have conferred ancillary jurisdiction over enforcement, see ECF No. 39-2, that document "reflects the parties'—and not this Court's—posture with respect to ancillary jurisdiction." Thurston, 2020 WL 2904065, at *3.

The Court therefore cannot enforce the settlement for lack of jurisdiction. Flores-Colin may pursue enforcement of the agreement in a state court of competent jurisdiction. See Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40-41 (2d Cir. 1996) ("[E]nforcement of a settlement agreement is for the state courts. . . . There is no injustice in applying Kokkonen in this case. Plaintiff has only chosen the wrong forum; there are remedies available in New York State courts.").

CONCLUSION

Flores-Colin's motion to enforce the settlement agreement is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 41. The case remains closed.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      May 10, 2022
            New York, New York